UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD BOOKER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4477** |
| **SHERIFF GUSMAN, WARDEN RUDY, ORLEANS ALDERMANS** | **SECTION "N"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.     Factual Summary**

The plaintiff, Ronald Booker ("Booker"), was an inmate housed in the C. Paul Phelps Correctional Center in DeQuincy, Louisiana at the time of the filing of this complaint. He has since been released from prison.[1]  Booker filed this *pro se* complaint pursuant to Title 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman, Warden Rudy, and other unidentified

---

[1] Booker has provided the Court with a civilian address. *See* Rec. Doc. No. 6.

parties. Booker alleges that he was incarcerated in a cell in the Templeman Jail, Phase III, within the Orleans Parish Prison system at the time of the events that form the basis of this lawsuit. Specifically, Booker seeks monetary damages for the alleged untimely evacuation and unsafe conditions of confinement as a result of being left in the jail during the flooding which followed Hurricane Katrina.

## II.     Procedural Background

Booker is not proceeding as a pauper in this case.[2]  After payment of the filing fee, the summons were issued on October 5, 2006, and sent to Booker by the Clerk of Court for him to make arrangements for service.[3]  The record contains no proof of service.

On March 15, 2007, this Court issued a Rule to Show Cause directing Booker to show cause on or before April 4, 2007, why his claims against the defendants should not be dismissed for failure to serve within 120 days as required by Fed. R. Civ. P. 4(m).[4]  The order was mailed to the plaintiff by the Clerk of Court at his address of record.  The envelope has not been returned as undeliverable. The plaintiff has failed to comply with this order or otherwise contact the Court.

## III.    Analysis

Under Fed. R. Civ. P. 4(m), service must be made within 120 days of the filing of the complaint.  In this case, the defendants should have been served by February 2, 2007.  In addition, Fed. R. Civ. P. 41(b) specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or

---

[2] Rec. Doc. No. 2.

[3] Rec. Doc. No. 4.

[4] Rec. Doc. No. 7.

any order of the court. *See* Fed. R. Civ. P 41(b).  A Rule 41(b) dismissal is considered an adjudication on the merits. *Id.*  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See e.g. Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976).  In this case, the plaintiff is without counsel and is responsible for the prosecution of his case.

Booker has failed to respond to the Court's Rule to Show Cause or submit proof of service. He therefore has failed to comply with Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b).

**IV.   Recommendation**

It is therefore **RECOMMENDED** that Booker's Title 42 U.S.C. § 1983 complaint be **DISMISSED WITH PREJUDICE** for failure to serve pursuant to Fed. R. Civ. P. 4(m) and for failure to prosecute under Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___11th___ day of _____May_____, 2007.

                              **KAREN WELLS ROBY**
                              **UNITED STATES MAGISTRATE JUDGE**